Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS MORRIS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> COPYRIGHT TERMINATION LAWYERS, INC., a California Corporation; EVAN COHEN, individually and doing business as "COPYRIGHT TERMINATION EXPERTS", a business entity of unknown form; and DOES 1-10, inclusive, <br><br> Defendants. | **Case No.:** <br><br> **COMPLAINT FOR:** <br> 1. **Copyright Infringement** <br> 2. **Vicarious and/or Contributory Copyright Infringement** <br> 3. **Violation of the Digital Millennium Copyright Act (17 U.S.C §1202)** <br><br> **JURY TRIAL DEMANDED** |

    Plaintiff, Dennis Morris, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

This is a clear-cut case of copyright infringement. Evan Cohen, individually and doing business as "Copyright Termination Experts" ("CTE"), misappropriated two of Morris's iconic photographs and published these photographs on CTE's commercial website without the consent of, or even notice to, Morris. This action follows.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Dennis Morris is an individual residing in Los Angeles.

5. Plaintiff is informed and believes and thereon alleges that Defendant Evan Cohen, individually and doing business as Copyright Termination Experts, is an individual residing in the State of California and Copyright Termination Lawyers is a California corporation with its principal place of business located 1180 South Beverly Boulevard, Suite 510, Los Angeles, California 90035, and is doing business in and with the State of California.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or

2
COMPLAINT

1 otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff,
2 who therefore sues said Defendants by such fictitious names, and will seek leave to
3 amend this Complaint to show their true names and capacities when same have been
4 ascertained.

5       7.    Plaintiff is informed and believes and thereon alleges that at all times
6 relevant hereto each of the Defendants was the agent, affiliate, officer, director,
7 manager, principal, alter-ego, and/or employee of the remaining Defendants and was
8 at all times acting within the scope of such agency, affiliation, alter-ego relationship
9 and/or employment; and actively participated in or subsequently ratified and adopted,
10 or both, each and all of the acts or conduct alleged, with full knowledge of all the
11 facts and circumstances, including, but not limited to, full knowledge of each and
12 every violation of Plaintiff's rights and the damages to Plaintiff proximately caused
13 thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH A

15       8.    Plaintiff exclusively owns a photograph from 1979 depicting famous
16 English singer, songwriter, and actress Marianne Faithfull ("Subject Photograph A").
17 Subject Photograph A has been submitted for registration with the Copyright Office,
18 with all formalities satisfied.

19       9.    Plaintiff is informed and believes and thereon alleges that Defendants
20 used Subject Photograph A without Plaintiff's authorization for commercial purposes
21 in various ways, including, but not limited to, the use on their website
22 https://copyrightterminationlawyers.com.

23       10.    True and correct representations of Subject Photograph A and a screen
24 capture of Defendant's website with Subject Photograph A embedded are set forth
25 hereinbelow:
26 ///
27 ///
28

3
COMPLAINT

## SUBJECT PHOTOGRAPH A



## SCREEN CAPTURE



11.  Plaintiff is informed and believes that Defendants, and each of them, posted, hosted, displayed and distributed Subject Photograph A without Plaintiff's permission, and did so knowingly.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH B

12.  Plaintiff exclusively owns a photograph from 1978 depicting famous bassist Jah Wobble from the English punk-rock band Public Image Ltd ("Subject Photograph B"). Subject Photograph B was registered with the United States

Copyright Office on July 13, 2011 with the Registration Number VA 1-787-770 under "A Bitta Pill Magazine". Plaintiff is the sole owner of the exclusive rights in the Subject Photograph.

13. Plaintiff is informed and believes and thereon alleges that Defendants used Subject Photograph B without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on their website https://copyrightterminationlawyers.com/

14. True and correct representations of Subject Photograph B and a screen capture of Defendant's website with Subject Photograph B embedded are set forth hereinbelow:

**SUBJECT PHOTOGRAPH B:**



**SCREEN CAPTURE**



COMPLAINT

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

15. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16. Subject Photograph A and Subject Photograph B will be referred to as Subject Photographs. The Subject Photographs have been submitted for registration to the U.S. Copyright Office, with all formalities satisfied, and/or were first published outside of the U.S. and thus exempt for the registration requirement.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through (a) viewing the Subject Photograph on Plaintiff's or the musicians' websites, (b) viewing Subject Photographs online, and (c) viewing the Subject Photographs through a third party. Plaintiff further alleges that the identical nature of the copying establishes access.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images that were unauthorized copies of the Subject Photographs, and exploited said photographs online.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing derivative work from the Subject Photographs and by publishing and displaying the infringing material to the public, including without limitation, through their websites.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photographs without Plaintiff's authorization or consent.

21. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photograph in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

24. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

27. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to

1  suffer substantial damages to his business in an amount to be established at trial, as
2  well as additional general and special damages in an amount to be established at trial.
3       28.    Due to Defendants' acts of copyright infringement as alleged herein,
4  Defendants, and each of them, have obtained direct and indirect profits they would
5  not otherwise have realized but for their infringement of Plaintiff's rights in the
6  Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants'
7  profits directly and indirectly attributable to Defendants' infringement of his rights in
8  the Subject Photographs, in an amount to be established at trial.
9       29.    Plaintiff is informed and believes and thereon alleges that Defendants,
10 and each of them, have committed acts of copyright infringement, as alleged above,
11 which were willful, intentional and malicious.

## THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202) – Against All Defendants, and Each)

15      30.    Plaintiff repeats, re-alleges, and incorporates herein by reference as
16 though fully set forth, the allegations contained in the preceding paragraphs of this
17 Complaint.
18      31.    Plaintiff is informed and believes and thereon alleges that Defendants,
19 and each of them, violated 17 U.S.C. §1202 by intentionally removing and/or altering
20 the copyright management information on the copy of at least one of Plaintiff's
21 photographs ("Mislabeled Copy"), and distributing the Mislabeled Copy with
22 knowledge that the copyright management information had been removed or altered
23 without authority of the copyright owner or the law, and distributing and publicly
24 displaying the Mislabeled Copy bearing their own names and identifiers, knowing
25 that copyright management information had been removed or altered without
26 authority of the copyright owner or the law, and knowing, or, with respect to civil

remedies under §1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

32. A non-inclusive example of the removal of Plaintiff's name and copyright notice from the gutter credit on Marianne Faithfull's official photography gallery, and the addition of Defendant's "Copyright Termination Lawyers" identifier and company logo can be seen in the comparison below:

**<u>Subject Photograph A</u>**



**<u>Mislabeled Copy:</u>**



33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly removed and altered the copyright management

information on the Mislabeled Copy. As an additional violation, Defendants, and each of them, knowingly published and distributed the Mislabeled copy under the name "COPYRIGHT TERMINATION EXPERTS."

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowing included their own copyright management information, title, and identifiers on the Mislabeled Copy, and that such material was false

35. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available,

statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 and 17 U.S.C. § 1203;

e. That Plaintiff be awarded his costs and fees under the above statutes;

f. That Plaintiff be awarded statutory and enhanced damages under the statutes set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 22, 2019          By: */s/ Scott Alan Burroughs*
                                      Scott Alan Burroughs, Esq.
                                      Justin M. Gomes, Esq.
                                      DONIGER / BURROUGHS
                                      Attorneys for Plaintiff